NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTONINO A. COELHO, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 06-2039 (SRC) |
| | : | |
| v. | : | |
| | : | OPINION |
| ALLIANCE MORTGAGE BANKING CORP., SIGNATURE SETTLEMENT & TITLE AGENCY, LLC et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motions to dismiss the Complaint for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants Alliance Mortgage Banking Corp. ("Alliance") and Signature Settlement and Title Agency, LLC ("Signature") (collectively, "Defendants"). For the reasons set forth below, Signature's motion will be granted, while Alliance's motion will be granted in part and denied in part.

BACKGROUND

In hearing a motion to dismiss for failure to state a claim, the Court accepts all allegations in the complaint as true. Plaintiff alleges that this case arises out of a dispute over a mortgage refinancing transaction relating to the property Plaintiff owns at 1232 Wheatsheaf Road, in Roselle, New Jersey. On September 23, 2005, a closing for a mortgage refinancing was held, and Plaintiff obtained a loan issued by Defendant World Savings Bank, FSB. Plaintiff alleges that Defendant Alliance participated in the transaction as mortgage broker and that Defendant

Signature participated in the transaction both as a provider of title insurance and as an agent of Alliance and/or World Savings Bank.  Plaintiff originally filed a complaint in the Superior Court of New Jersey.  On May 1, 2006, Alliance removed the case to the District of New Jersey.  In brief, Plaintiff contends that the three defendants engaged in reverse redlining and predatory lending practices with regard to Plaintiff, based on his status as a member of a community whose primary language is not English.

Alliance and Signature filed motions to dismiss the Complaint, and Plaintiff filed a motion to amend with a proposed First Amended Complaint.  Alliance and Signature filed briefs in support of motions to dismiss the First Amended Complaint, should the Court grant Plaintiff's motion to amend.  Plaintiff has filed no opposition to any motions to dismiss.

On August 4, 2006, Magistrate Judge Falk entered an Order granting Plaintiff's motion to amend the Complaint.  Magistrate Judge Falk's Order did not direct the clerk to file the proposed First Amended Complaint, nor did Plaintiff then file it separately.  Plaintiff has subsequently asked the Court to direct the Clerk to file the proposed First Amended Complaint *nunc pro tunc*.

The First Amended Complaint contains six claims: 1) predatory lending and reverse redlining, in violation of New Jersey's Law Against Discrimination; 2) predatory lending and reverse redlining, in violation of New Jersey's Consumer Fraud Act; 3) predatory lending and reverse redlining, in violation of the federal civil rights act; 4) predatory lending and reverse redlining, in violation of the federal Fair Housing Act; 5) common law fraud, and aiding and abetting common law fraud; and 6) rescission of the loan transaction.

## ANALYSIS

I.  **Legal Standards**

    A.    <u>Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim</u>

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384-85 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See <u>In re Warfarin Sodium</u>, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See <u>Morse v. Lower Merion School District</u>, 132 F.3d 902, 906 n.8 (3d Cir. 1997). All reasonable inferences, however, must be drawn in the plaintiff's favor. See <u>Sturm v. Clark</u>, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). "The defendant bears the burden of showing that no claim has been presented." <u>Hedges v. United</u>

States, 404 F.3d 744, 750 (3d Cir. 2005).

## II.    Plaintiff's motion to file the First Amended Complaint nunc pro tunc

Plaintiff asks this Court to direct the Clerk to file the First Amended Complaint *nunc pro tunc* to give effect to Magistrate Judge Falk's Order of August 4, 2006.  As Plaintiff observes, Plaintiff had filed the proposed First Amended Complaint as an exhibit to his motion to amend the Complaint, and it appears to be just a technicality that the First Amended Complaint has not been docketed as such.  Defendants have both filed briefs which disclose that they had actual notice of the proposed First Amended Complaint when it was filed, and there appears to be no prejudice to them in granting Plaintiff's motion.  Plaintiff's motion to direct the Clerk to file the First Amended Complaint *nunc pro tunc*, as of August 4, 2006, will be granted.

## III.   Signature's 12(b)(6) motion to dismiss

Signature contends that the Complaint and First Amended Complaint ("FAC") fail to state a valid claim for relief.  The first four claims in the FAC allege that Defendants violated various statutes because they "perpetrated and/or otherwise were party to 'reverse redlining' and related predatory lending practices."  One New Jersey Appellate Division court has defined predatory lending as follows:

> a mismatch between the needs and capacity of the borrower. . . . In essence, the loan does not fit the borrower, either because the borrower's underlying needs for the loan are not being met or the terms of the loan are so disadvantageous to that particular borrower that there is little likelihood that the borrower has the capability to repay the loan.

Associates Home Equity Services, Inc. v. Troup, 343 N.J. Super. 254, 267 (N.J. Super. Ct. App. Div. 2001).  The same court explained reverse redlining as follows: "The term 'redlining' is derived from the actual practice of drawing a red line around designated areas in which credit is

to be denied.  Reverse redlining is the practice of extending credit on unfair terms to those same communities." Id. at 268.  Thus, the perpetrators of predatory lending and reverse redlining must be lenders.

Plaintiff has not alleged that Signature is a lender but, rather, that it is a title insurance agent whose employee participated in a loan closing.  The question, then, is whether a title insurer's participation in the closing of a predatory loan might give rise to statutory liability.  To answer this question, this Court must consider the specific laws at issue as well as the specific allegations in the FAC.  The Court need not reach this legal analysis, however, because the FAC contains no specific allegations that Signature engaged in predatory lending or reverse redlining.  Moreover, the FAC contains no specific factual allegations about what Signature did in the transaction that might give rise to liability.

The Third Circuit has emphasized that "a fact-pleading requirement for civil rights complaints has been rejected by the Supreme Court in no uncertain terms." Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).  The liberal notice-pleading standard requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).  Here, in view of the fact that these claims involve predatory lending, but Signature is not alleged to be a lender, this Court does not find that the claims make it plain enough that Plaintiff is entitled to relief from Signature.  Following the Third Circuit's guidance, this Court will dismiss the first four claims against Signature without prejudice so that Plaintiff may replead to make a plain statement of Signature's involvement. Alston, 363 F.3d 234 n.7 ("the District Court could have dismissed the complaint without prejudice permitting Alston to amend the complaint to make it plain.")

The Fifth Count against Signature, for aiding and abetting fraud, clearly does not comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b): "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiff has not alleged the circumstances constituting Signature's aiding and abetting fraud with any particularity. The Fifth Count against Signature will be dismissed without prejudice.

The Sixth Count is an action for rescission of the loan, and names only Defendant World Savings Bank as a party to the loan contract. Plaintiff does not allege that Signature is a party to the loan contract, and so the Sixth Count for rescission does not state a claim against Signature. Thus, as regards Defendant Signature, the FAC will be dismissed without prejudice in its entirety.

## IV.     Alliance's 12(b)(6) motion to dismiss

In contrast to Signature, which was not alleged to be a lender, Alliance is alleged to be "a corporation engaged in the business of providing residential mortgage banking and mortgage brokerage services . . ." (FAC ¶ 2.) Alliance moves to dismiss the FAC on several grounds.

Alliance argues generally that Plaintiff has failed to plead the elements necessary to state a prima facie case of reverse redlining. As stated above, in Alston, the Third Circuit made clear that courts may not impose fact-pleading requirements in discrimination cases. Alston, 363 F.3d at 233. FED. R. CIV. P. 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Alliance does not provide authority for the proposition that this Court may require the pleading of a set of elements to state a claim for reverse redlining. Thus, this Court rejects Alliance's arguments that Plaintiff must plead that the terms of the loan were "grossly unfavorable," or that similarly-qualified applicants were treated more favorably. This

6

Court finds that the FAC gives Alliance sufficient notice under Rule 8(a) to state a claim for reverse redlining: it is clear from the FAC that Plaintiff complains that Alliance engaged in "the practice of extending credit on unfair terms to [certain] communities." Associates, 343 N.J. Super. at 268.

Alliance next argues that, as to the First Count, Plaintiff fails to allege that he is a member of a class protected by New Jersey's Law Against Discrimination ("NJLAD"). Alliance contends that "language minorities" are not a class listed as protected in N.J. Stat. Ann. § 10:5-12(i)(1). This is literally true, but the New Jersey Supreme Court and the state legislature have both instructed courts to construe the NJLAD broadly:

> This Court has described the goal of the LAD as being nothing less than the eradication "of the cancer of discrimination." In order to further this goal and afford the greatest protection to the victims of discrimination, the Legislature has directed that the LAD be interpreted liberally.

Hernandez v. Region Nine Hous. Corp., 146 N.J. 645, 651-652 (N.J. 1996). Although Hernandez did not involve a motion to dismiss, in that case, the New Jersey Supreme Court allowed a worker fired for speaking Spanish during work hours to bring suit for employment discrimination under the LAD. The New Jersey Supreme Court thus understood the LAD to protect against discrimination based on a plaintiff's not speaking English. Plaintiff has alleged membership in a class recognized as protected by the NJLAD.

Alliance next argues that Plaintiff fails to adequately plead loss causation under the New Jersey Consumer Fraud Act ("NJCFA"). Alliance points to New Jersey Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 15 (N.J. Super. Ct. App. Div. 2003), which states: "plaintiffs must [] plead and prove a causal nexus between the alleged act of consumer fraud and

the damages sustained." The Second Count does not adequately meet this requirement under the standard of Rule 8(a), much less under the heightened standard for pleading fraud of Rule 9(b): this Court is not able to recognize from the FAC the act of consumer fraud complained of, nor the damages sustained, nor the causal link between the two. The Second Count will be dismissed without prejudice.

As to the Third Count, Alliance repeats the argument, already rejected, that Plaintiff has not pled the required elements of a reverse redlining claim under the "federal civil rights act." (FAC ¶ 27.) Alliance next contends that, since the FAC does not cite a specific federal civil rights statute, the possible relevant federal civil rights provisions are 42 U.S.C. §§ 1981, 1982, 1985(3) and 1986.

Alliance contends that the Third Count does not meet the pleading requirements for any of these provisions. The Third Circuit has set forth the pleading requirements for §§ 1981 and 1982 as follows:

> In order to state a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts. In order to bring an action under § 1982, a plaintiff must allege with specificity facts sufficient to show or raise a plausible inference of 1) the defendant's racial animus; (2) intentional discrimination; and 3) that the defendant deprived plaintiff of his rights because of race.

Brown v. Philip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001) (quotations omitted). To state a claim under § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the

8

> conspiracy; (4) whereby a person is injured in his person or property or deprived
> of any right or privilege of a citizen of the United States.

Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (quotation omitted). Furthermore, "no claim can be maintained under section 1986 unless a cause of action has been established under section 1985." Robison v. Canterbury Village, Inc., 848 F.2d 424, 431 n.10 (3d Cir. 1988). Defendants contend correctly that the Third Count does not meet the pleading requirements of any of these federal civil rights provisions. The Third Count will be dismissed without prejudice.

As to the Fourth Count, for predatory lending in violation of the Fair Housing Act, Alliance contends that Plaintiff cannot state a valid claim under the plain language of 42 U.S.C. § 3605. This is a meritless argument: Alliance contends that, while, as a mortgage broker, it "may have arranged for the refinance loan to be made available," it did not "make available" the transaction within the meaning of § 3605. (Alliance's Br. 23.) The argument that "to arrange to make available" cannot be within the scope of "to make available" is unpersuasive. Given that the facts Plaintiff alleges are taken as true, and all reasonable inferences must be drawn in Plaintiff's favor, this Court cannot conclude with certainty that Plaintiff could prove no set of facts in support of his claim under § 3605 that would entitle him to relief. Alliance's motion to dismiss the Fourth Count will be denied.

Alliance next argues that Plaintiff has no independent cause of action for "predatory lending" in the first four counts, and that predatory lending "must be anchored in some specific statutory or common law cause of action." (Alliance's Br. 24.) This argument overlooks the fact that, in each of the first four counts, Plaintiff names the statute that he believes Alliance violated.

Alliance objects that Plaintiff does not identify the specific statutory provisions that he alleges Alliance violated but, again, FED. R. CIV. P. 8(a) does not require him to do so.

Alliance next contends that the Fifth Count does not allege fraud with the particularity required under FED. R. CIV. P. 9(b). This is correct, and the Fifth Count will be dismissed without prejudice.

Last, Alliance contends that the Sixth Count, for rescission, is inapplicable to Alliance because it is not a party to the mortgage contract. This is true but, more simply, this Court finds that the Sixth Count names only Defendant World Savings Bank and does not state a claim against Alliance as a defendant.

In summary, as to Defendant Alliance, this Court will grant the motion to dismiss for failure to state a claim in part and deny it in part.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to direct the clerk to file the First Amended Complaint *nunc pro tunc*, as of August 4, 2006, is **GRANTED**. Defendant Signature's motion to dismiss the First Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6), will be **GRANTED** in its entirety, and, as to Signature, the First Amended Complaint is hereby dismissed without prejudice. Defendant Alliance's motion to dismiss the First Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6), will be **GRANTED** in part and **DENIED** in part. As to Alliance, the motion to dismiss the Second, Third, and Fifth Counts is **GRANTED**, and the Second, Third, and Fifth Counts of the First Amended Complaint are hereby dismissed without prejudice. As to Alliance, the motion to dismiss the First and Fourth Counts is **DENIED**. As to the claims dismissed without prejudice, Plaintiff is granted leave to

amend the Complaint within 45 days of the filing of this Opinion.

                                                s/ Stanley R. Chesler
                                         Stanley R. Chesler, U.S.D.J.

Dated: May 10, 2007